IN THE FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2003

Michael N. Milby
Clerk of Court

CHRISTINE and JOHN RAMIREZ }
   Movants/Applicants }
}
vs. } CIVIL CAUSE NO. B-03-068
}
CONTINENTAL BROKER-DEALER }
CORPORATION }
   Respondent )

**APPLICATION BY MOTION TO CONFIRM ARBITRATION AWARD**

TO THE HONORABLE COURT:

*COME NOW* Christine and John Ramirez and would show as follows:

1- This district court has jurisdiction over this application pursuant to its diversity jurisdiction (28 USC § 1332 ) since the parties plaintiff and parties defendant are residents of different states and the amount of controversy exceeds the diversity jurisdictional limit and for the further reason that the subject matter of the underlying arbitration proceeding involved federal questions (28 USC § 1331), to wit, the 1933 Federal Securities Act and the 1934 Federal Securities & Exchange Act. Additionally, Respondent, and/or its employees, is a member of the NASD whose rules of practice (NASD Rule 10301) provide for the enforcement of this award in this court.

2- Specifically this application invokes the authority of 9 USC § 9 (2003) which provides that an arbitration ward may be enforced in a federal court in the district where the award was

rendered. The arbitration award sought to be enforced was rendered in the Southern District of Texas.

3-   The arbitration award sought to be enforced and which is attached to this application as Exhibit "A" was rendered less than one year from the date of this application.

WHEREFORE, Movants/Applicants John and Christine Ramirez pray that this court, pursuant to 9 USC § 9 (2003), confirm the arbitration award attached hereto as Exhibit "A" and enter judgment on such award; that the court grant additional attorneys fees and cost of court to Movants/Applicants with respect to this application; that the court grant Movants/Applicants such other and further relief to which they may justly entitled.

Respectfully submitted,

_____
Denis A. Downey
State Bar 06085500
Federal I.D. 1186
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538
956 544-0561 / 956 544-0562 (FAX)

ATTORNEY FOR PETITIONER

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

<u>Names of the Claimant</u>    <u>Case Number</u>: 01-03406
John Ramirez
And Christine Ramirez


<u>Names of the Respondents</u>    <u>Hearing Site</u>: Houston, Texas
Continental Dealer-Dealer Corporation

### REPRESENTATION OF PARTIES

Claimants John Ramirez and Christine Ramirez hereinafter referred to as "Claimants": Denis A. Downey, Esq., Denis A. Dowey L.L.M., located in Brownsville, Texas. P.C.

Respondent Continental Dealer-Dealer Corporation hereinafter referred as "Respondent": Did not appear at the hearing.

### CASE INFORMATION

Statement of Claim filed: June 29, 2001.
Claimants filed an executed Uniform Submission Agreement: April 23, 2001.

Respondents filed a Statement of Answer on December 7, 2001.
Respondents filed an executed Uniform Submission Agreement on July 12, 2001.

### CASE SUMMARY

Claimant asserted the following causes of action: Churning; misrepresentation; unsuitability; unauthorized trading; breach of fiduciary duty; breach of contract, and violations of Texas deceptive trade practices. All causes of action relate to the purchase and sale of common stock.

Unless specifically admitted its Statement of Answer, Respondents denied the allegations made in the Statement of Claim and submitted the following affirmative defenses: The Statement of Claim fails to state a claim upon which relief can be granted; the claims are barred in whole or part by the applicable statutes of limitations; Respondent acted in good faith and in compliance with all the applicable rules and regulations; Claimants did not reasonably rely on any wrongful action or inaction by Respondent; Respondent was not the fiduciary agent of the Claimant; Respondent did not make any misrepresentations, untrue statements or omissions of material fact; Respondent did mot make any unsuitable recommendations.

## RELIEF REQUESTED

Claimant requested:

| | |
|---|---|
| Compensatory Damages | $ unspecified |
| Punitive Damages | $ unspecified |
| Interest | $ unspecified |
| Attorneys' Fees | $ unspecified |
| Other Costs | $ unspecified |

Respondent requested that the claims filed against it be dismissed in their entirety.

## OTHER ISSUES CONSIDERED AND DECIDED

On January 28, 1999 the district court ordered this case into arbitration and ruled that all costs of the arbitration shall be borne by the Respondent.

The Panel convened to hear this matter on February 26, 2002. The Respondent did not appear at the hearing. The following day the Respondent's representative called NASD and asked if the hearing had gone on with out him. He then stated that he was not aware of the hearing date.

On or about March 6, 2002 Respondent retained Liam O'Brien, Esq., of Theodore A. Kresbach & Associates, P.C., located in New York, New York. On or about March 6, 2002 Respondent filed a motion to reopen the hearing which was based upon the premise that he did not receive a copy of the Panels' scheduling order and the Panel did not contact Respondent during the hearing. On or about March 12, 2002 the Claimants opposed Respondent's Motion to reopen the hearing.

Based upon the pleadings and correspondence on file and pursuant to Code of Arbitration Procedure 10329 and 10318, on March 31, 2002, the Panel unanimously denied Respondent's Motion to Reopen the hearing.

On or about June 3, 2002 the Respondent moved the Panel to reconsider its ruling to reopen the hearing and to hear oral arguments. Claimants opposed this motion on or about June 15, 2002.

On January 21, 2003 the Panel reconvened to consider the issue of proper notice of the hearing date. On January 28, 2003 the Panel ordered the Respondent to produce additional information in the form of a post- hearing submission regarding notice of the hearing date. The Panel ordered that this information be produced on or before February 14, 2003. The Respondent failed to provide the information requested.

After reviewing the file the Panel again unanimously decided that the Respondent was given proper notice of the hearing date. Shortly thereafter the Panel issued a final ruling.

# AWARD

After considering the pleadings, the testimony and evidence presented, and the post hearing-submissions the Panel has decided in full and final resolution of the issues submitted for determination as follows:
1. Respondent Continental Broker-Dealer Corporation is liable for and shall pay to Claimants John Ramirez and Christine Ramirez the sum of $114,000.00 in compensatory damages, plus interest at a rate of 5% per annum which shall begin to accrue from January 1, 1998 and shall cease to accrue when the award is paid in full;
2. Respondent Continental Dealer-Dealer Corporation is liable for and shall pay to Claimants John Ramirez and Christine Ramirez attorneys' fees in the sum of $38,000.00. The authority for the attorneys' fee is based upon the pleadings on file herein, the testimony of the Claimants and Texas state and federal statutes;
3. All costs not specifically enumerated herein shall be borne by the Respondent; and,
4. Any and all relief not specifically addressed herein damages, is denied.

# FEES

Pursuant to the Code, the following fees are assessed:
**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
    Initial claim filing fee     = $250.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, the Respondent Solomon Smith Barney is a member firm.
    Member surcharge     = $ 1,200.00
    Pre-hearing process fee     = $ 600.00
    Hearing process fee     = $ 2,000.00

**Forum Fees and Assessments**
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Pre-hearing session with the Panel @ $1,000.00     = $1,000.00
Pre-hearing conference: November 30, 2001     1 session

One (1) Hearing sessions with Panel @ $1,000.00
Hearing Dates:     February 26, 2002     1 sessions     = $1,000.00
Total Forum Fees     = $2,000.00

The Panel has assessed $2,000.00 of the forum fees to Respondent Continental Dealer-Dealer Corporation.

Respondent Continental Dealer-Dealer Corporation for:

| | |
|---|---|
| Member Fees | = $ 3,800.00 |
| Filing Fees | = $ 250.00 |
| Forum Fees | = $ 2,000.00 |
| Total Fees | = $ 6,050.00 |
| Less Payments | = $ 5,050.00 |
| Balance Due NASD Dispute Resolution | = $ 1,000.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL
James P. Hoefling.-Public Arbitrator, Presiding Chairperson
Jack Chapline Vaughn-Public Arbitrator
Nick Sacaris-Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____                                           _____
James P. Hoefling                                                 Signature Date
Public Arbitrator, Presiding Chairperson


_____                                           _____
Jack Chapline Vaughn, Esq.                                        Signature Date
Public Arbitrator


_____                                           _____
Nick Sacaris                                                      Signature Date
Non-Public- Arbitrator


_____
Date of Service (For NASD Dispute Resolution office use only)

NASD # 01-03406
P.4 of 4

The Panel has assessed $2,000.00 of the forum fees to Respondent Continental Dealer-Dealer Corporation.

Respondent Continental Dealer-Dealer Corporation for:
    Member Fees     = $ 3,800.00
    Filing Fees     = $   250.00
    Forum Fees     = $ 2,000.00
    Total Fees     = $ 6,050.00
    Less Payments     = $ 5,050.00
    Balance Due NASD Dispute Resolution     = $ 1,000.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**ARBITRATION PANEL**
James P. Hoefling.-Public Arbitrator, Presiding Chairperson
Jack Chapline Vaughn-Public Arbitrator
Nick Sacaris-Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

*[signature]*                                              3-4-03
James P. Hoefling                             Signature Date
Public Arbitrator, Presiding Chairperson

Jack Chapline Vaughn, Esq.              Signature Date
Public Arbitrator

Nick Sacaris                                     Signature Date
Non-Public- Arbitrator

Date of Service (For NASD Dispute Resolution office use only)

The Panel has assessed $2,000.00 of the forum fees to Respondent Continental Dealer-Dealer Corporation.

Respondent Continental Dealer-Dealer Corporation for:
    Member Fees      = $ 3,800.00
    Filing Fees      = $   250.00
    Forum Fees      = $ 2,000.00
    Total Fees      = $ 6,050.00
    Less Payments      = $ 5,050.00
    Balance Due NASD Dispute Resolution      = $ 1,000.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**ARBITRATION PANEL**
James P. Hoefling.-Public Arbitrator, Presiding Chairperson
Jack Chapline Vaughn-Public Arbitrator
Nick Sacaris-Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

_____
James P. Hoefling
Public Arbitrator, Presiding Chairperson

*/s/ JCVaughn*
Jack Chapline Vaughn, Esq.
Public Arbitrator

_____
Nick Sacaris
Non-Public- Arbitrator

_____
Signature Date

*February 26, 2003*
Signature Date

_____
Signature Date

_____
Date of Service (For NASD Dispute Resolution office use only)

The Panel has assessed $2,000.00 of the forum fees to Respondent Continental Dealer-Dealer Corporation.

Respondent Continental Dealer-Dealer Corporation for:
| | |
|---|---|
| Member Fees | = $ 3,800.00 |
| Filing Fees | = $    250.00 |
| Forum Fees | = $ 2,000.00 |
| Total Fees | = $ 6,050.00 |
| Less Payments | = $ 5,050.00 |
| Balance Due NASD Dispute Resolution | = $ 1,000.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL
James P. Hoefling.-Public Arbitrator, Presiding Chairperson
Jack Chapline Vaughn-Public Arbitrator
Nick Sacaris-Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____                                  _____
James P. Hoefling                                             Signature Date
Public Arbitrator, Presiding Chairperson


_____                                  _____
Jack Chapline Vaughn, Esq.                                    Signature Date
Public Arbitrator

*[signature]*                                                 2-27-03
Nick Sacaris                                                  Signature Date
Non-Public- Arbitrator


_____
Date of Service  (For NASD Dispute Resolution office use only)